**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| WILLIE BOOKER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No: 2:18-cv-0067-WTL-DLP<br>) |
| AMBER COOPER, Supervisor,<br>ARAMARK, | )<br>)<br>) |
| Defendant. | )<br>) |

**Entry Discussing Insufficient Claims and
Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 6, is **granted**. He is assessed an initial partial filing fee of Twenty-Five Dollars and Forty-Six Cents ($25.46). He shall have **through April 10, 2018**, to pay this sum to the Court.

**II. Screening**

Plaintiff, who is incarcerated at the Putnamville Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v.*

*Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must

then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, the plaintiff alleges that on September 18, 2017, defendant Amber Cooper threw a bread rack at him hitting him in the lower leg. Ms. Cooper is an Aramark employee. He filed an informal grievance and was allegedly fired from his job for no reason. He was also reclassified, losing his ability to earn good time credit or participate in programming.

The plaintiff alleges that Aramark retaliated against him for engaging in conduct protected by the First Amendment. Specifically, he alleges Aramark fired him and had him reclassified for filing a grievance about Ms. Cooper throwing a bread rack at him.

He also alleges an Eighth Amendment cruel and unusual punishment claim against Ms. Cooper.

### III. Insufficient Claims

**A. Retaliation.**

The plaintiff alleges that Aramark reclassified him after he filed a grievance. He alleges this occurred in retaliation for filing a grievance after Ms. Cooper threw a bread rack at him. Reclassification of inmates, such as the plaintiff alleges occurred here (loss of good time credit,

inability to participate in programming) is a task reserved to the Indiana Department of Correction ("IDOC"). Aramark is a private corporation contracted by the IDOC to provide food services. Aramark employees do not have the ability to reclassify inmates in this manner. As such, the plaintiff's claim for retaliation fails and must be **dismissed.**

### B. Eighth Amendment.

Next, the plaintiff alleges that Ms. Cooper threw a bread rack at him in violation of the Eighth Amendment. Even when liberally construed, the plaintiff's complaint fails to allege facts sufficient to state an Eighth Amendment claim for relief that is plausible on its face. This is principally due to the absence of an allegation that Ms. Cooper "acted with a sufficiently culpable state of mind." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). An Eighth Amendment claim requires deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). A complaint is sufficient only to the extent that it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F .2d 1101, 1106 (7th Cir. 1984)). Here, the complaint states that Ms. Cooper threw a bread rack at the plaintiff. Such an allegation, without more, does not rise to the level of deliberate indifference. Accordingly, the plaintiff's Eighth Amendment claim against Ms. Cooper must be **dismissed**.

### IV. Dismissal of Complaint

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

**V.**

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through April 10, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 2:18-cv-0067-WTL-DLP and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

### VI. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 3/12/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Willie Booker, #865377
Putnamville Correctional Facility
Electronic Service Participant

Financial deputy clerk